Our next case is number 08-4616, Drip V. Tobelinski, aka Godoweski, Ms. Vinci, and Mr. Holmes. How do you pronounce your name? Vinci. Vinci, okay. My father likes to Americanize his name. Okay, we'll do Vinci to me. If I may, this is a paralegal who worked on this case. That's fine. Is it Drip or Drippy? Drippay. Drippay, oh my. Okay, got it. Hold it all the way down. Thank you. Good afternoon, Justices. Not quite. Gentlemen? No, no. Not quite. Okay. Thank you. Well, as you can see. We're surely not Justices. I don't usually, actually I've never ordered in this court. And one of us is a true lady. Pardon me? And one of us is a true lady. Thank you. Justice, okay. This case is about an order issued by Judge Caputo in the Middle District, a summary judgment against Mr. Drippay, stating that he failed to exhaust his administrative remedies prior to filing suit against a defendant as required by the Prison Litigation Reform Act, the PLRA. The thing is that he did exhaust his administrative remedies. I think they eventually seemed to concede that. They did concede that. But now, on the eve of trial, they come forward with an oral motion that says. That's what I'm talking about. Right. They switched gears to a new argument. Yes, Your Honor. That says that, well, this isn't correct because it's not the right party. Well, the problem is that the corrections officer's training handbook actually states that the correction officer is the first line of the medical team. In other words, there's an inmate in a cell. His contact with medical is through the corrections officer. In the Wray case, there are about, I don't know how many officers listed as defendants. The point is that any or all would have been equally appropriate because of whoever came in contact with this man while he was in the cell and while he was in a fevered and really debilitated state. That is a person who should have brought that matter to the attention of medical. Now, when it was brought to the attention of medical is another issue. I thought your first argument was that there was a waiver here, that they had waived this defense. I think they did. Or they had waived the defense of exhaustion, which they then changed at the hearing to say, no, it was an improper ID of the actual defendant. Exactly. Exactly. Although if they had brought up the latter, that would have been a good defense, would it not? I mean, if it had been timely brought up. If it had been timely brought up. But I'm not sure actually even about that because since the handbook states it, a CO is supposed to take and observe condition of an inmate, and if it warranted, report that to medical. In this particular case, there were several days, and, of course, there's a little problem about the first day, but there were many days before Mr. DuPay was actually brought to medical. Now, whether or not the ---- If they had brought it up timely, the question of the issue that there was not the proper identification of the guard here, the defendant, would that have been acceptable? You're saying even on the merits somehow that wasn't correct? I thought Spruill would have helped them. Well, Spruill probably does, but I think that as an agent of the medical team, basically, that any CO that sees an inmate is incapacitated has a responsibility and a duty to report that to medical. Now, at this point, we don't even know if it was ---- Judge Alderson has a question. I'm sorry, excuse me. I am interrupting you, Ms. Spruill. Yes, Your Honor. Help me out. Did any grievance allege wrongdoing by a corrections officer, by name or otherwise? No. Okay, the answer is no. Wait, no to the first part and yes to the second, because the corrections officer is part of the medical team, according to the corrections officer's training manual, because he's sort of the eyes of the medical team. And so in that way, it would be appropriate to name him or ---- Actually, the grievance procedure only requires him to say who has information about this injustice that's been done to you. The medical staff ---- And in the grievance, in your grievance, what did you say? You are saying that although not named, it was there by otherwise, by implication. What in your grievance here did you ---- First of all, was a corrections officer named as having information on this issue? No, not as part of that ladder that gets into the medical ---- What is the substance of your grievance? The substance was that the inmate was left in a debilitated, feverish state for several days until the point where he had ---- You're talking about the medical portion of the correction, the medical people, right? Well, it would have to be something like delay of treatment, okay? But we don't know where the delay occurred. We don't know. We actually, at this point in time, it's an issue of ---- Okay, just help me out. What was the thrust of your grievance? That this man was not timely cared for. But you have to take that beyond negligence and malpractice. Well, and the reason why he wasn't timely cared for was the deliberate indifference of the corrections officer who has a duty to recognize and he's trained in recognizing symptoms of illness and to report that to medical. And we don't know right now whether medical was informed on which state anyway. If that was such an important part of your grievance, why wasn't the officer named in the grievance? Your Honor, inmates have 15 days to file a grievance. At the time that he was ---- the 15 days expired on this case, he was still in the hospital, feverish and actually close to death. A professional litigant has two years to decide who to name on a suit. I think that there should be a little leeway there, a lot of leeway. But even after the 15 days, once you start the grievance proceedings, this went for quite some time, and yet when was the officer finally named? In an amended complaint. And how soon thereafter was the amended complaint filed? I'm not sure, but it was early. Before any meritorious discovery had taken place. There were no depositions done before this. There was nothing done on the merits yet. It would have been then that would have been a timely objection. Now going back to Spruill, which interpreted the same grievance policy at issue here, wasn't that Spruill interpretation of the policy set forth a requirement to have specific parties and facts be named in the grievance? No. 804, Admin 804 actually states that it doesn't have to be specific, that you need to say who's going to know about this, who should we talk to about this, because the purpose is for the error or whatever's gone wrong to be taken care of in house. And so the grievance procedure requires the inmate to say who's going to know about what happened here. And who did the inmate here say was going to know about it? Medical. So medical would know at what time they were informed that Mr. Gepay was seriously ill. But you're saying here that it was the corrections officer who should have reported it to medical. Exactly. But you didn't say anything about that. I mean, excuse me, Mr. Gepay didn't say anything about that. Right. My client had no idea that this corrections officer wasn't reporting it to medical. Medical, as far as he knew at the time. Well, then why didn't he say something about the corrections officer? He didn't say anything about corrections officers, right? No. I believe that he thought that the corrections officer was saying to medical, this man's got a problem, and medical didn't show up until much later, after he had red stripes running up his leg and was really near death. And on the date that, well, I'm not sure, even because we don't have any information from them, they knew of it on the 7th of August in 2004. The medical people became aware of it. That's what they're saying. But there were several days before that where the inmate was having a problem, wasn't coming out for meals, wasn't coming out for exercise, was clearly ill. And being in that state, I think, would make an argument for the fact that, I don't know who's hurting me, but I think it's medical because I'm sick. And basically, you know, we're dealing with pro se petitions, but people who don't have great educations, and the effect of the PLRA is just to weed out frivolous suits. It's to keep, you know, plaintiffs from coming in with nonsense, and that is just not the case here. What happens here is that this is an affirmative defense of exhaustion. It should have been pled before there was any fact-finding, any meritorial discovery, and it wasn't. And then when the Judge Caputo actually says that, you know, he's going to take this up and he's going to make a decision, he has a hearing, on an oral motion that was made just a few days before jury selection was to be made, I mean, this did not give the plaintiff any time to prepare a rebuttal, and it violates the rules of civil procedure, definitely. But you knew from the time that the defendants filed their answer that lack of exhaustion was a defense, right? Well, they said it in a general way, but they didn't say what it was. Because we have a document that says this grievance is finished. The final document saying denial by the DOC of the grievance, we do have that. So that a grievance was brought through the final phase. How he named... Ms. Vinci. Yes, sir. May I go back to the previous question I asked you about interpreting the grievance in the Spruill case? I'm going to ask you, have you read Spruill? No, I haven't. I have to admit that. I've read... Well, let me help you out. Thank you. You should have said that when I referred to the case. Right. You denied that. And I want you to know that Spruill has ordered that the inmate should identify any persons who may have information that could be helpful in resolving the grievance. Any persons known to him at that time. And the thing is that it's not... There are specific languages that says that it doesn't have to be absolutely exact. He did not know the correction officer. He knew that he told the corrections officer about his problem. He didn't know whether or not it was medical. It wasn't coming for him. I'm not going to discuss the leading case on grievance to a lawyer who has not read that case. Thank you. And you do cite Spruill in your brief, right? This case has come to me through a long, torturous way. And I did not write the brief. I was reading cases where Spruill was cited, which is really not appropriate. Yeah, it always helps to go back to the source. Yes. We've all made that mistake from time to time. You are correct. But going back to the act, I think that the... Why don't we get you on rebuttal then? Okay. Thank you. Thank you. Mr. Holmes? Thank you, Your Honor. May it please the court, my name is... Why don't you pick up the microphone? May it please the court, my name is Tim Holmes. Let's assume for the moment that clearly had this been brought up timely, there would have been a major problem with the identification of the officer here. I don't think there's much doubt about that. The problem you have is procedural. You got, at the time, the trial was set for November 17, 08. Is that correct? Yes, sir. And you filed a motion within 10 days for what, summary judgment? Yes, sir. Now, that's too late. You got to do it before 10 days, correct? 10 days before the hearing on the matter. And you filed it on the 10th? Yes, sir. And then on the 17th, you arguably filed, you actually filed another summary judgment before it had been denied. You filed a summary judgment on the 10th with respect to exhaustion. Then you get to the 17th and you say, forget the exhaustion. We got a new theory. He didn't identify the proper person. Now, what kind of notice is that given on the 17th? With all due respect, Your Honor, I believe you are mistaken about me making a third motion, and I believe also. No, I'm saying in effect. Oh, in effect. You changed gears. You have a different theory for your summary judgment motion. Oh, I'm sorry. Hypothetically, if that were to be true. No, hypothetically. What did you do on the 17th? What was your argument that you made in the summary judgment motion on the 10th? On the 10th, I said no issue had been made to final review. So you hadn't exhausted the grievance proceedings. Correct. And on the 17th, you then, as I call it, switching gears to what was your rationale for why summary judgment should be entered in your favor? It was the same rationale. The only thing I did differently on the 17th. That he hadn't exhausted? That he hadn't exhausted, correct. I thought you said on the 17th before, Judge Caputo, that they had failed to identify the officer. That goes to exhaustion, Your Honor. There's a procedural default mechanism to exhaustion. If he did not identify the appropriate officer, if he did not raise the appropriate issue. But you didn't state that particular reason in your summary judgment motion on the 10th, did you? I believe I did. I'm sorry, maybe not that particular reason. What I had said was I provided the court with all the grievance information that was available to me. And your last day, according to the court, for filing motions of this kind was what, March 3 of 08? I believe you're correct, yes, sir. And that was entered in August of 07? What was entered? That order was entered in August of 07. You've got anything you want to bring before us, you better file it by March 3, correct? Yes, sir. And you waited until November 10? Yes, sir. How can you possibly get away with that? What I did, Your Honor, is I filed a motion that I believe was a better argument than exhaustion. It was a clear-cut motion as far as I was concerned. You can have better arguments, but they're waived if you don't make them timely. I made the argument timely. I raised the issue at the very first instance. I raised it in the answer. I'm trying to. But you never made a motion to follow up on that, did you? I never made a motion to follow up on that, no, Your Honor. I made a first motion for summary judgment five months before the deadline for dispositive motions. Three months after the dispositive motion deadline, I get a report and recommendation denying my motion for summary judgment. How do you get around the Jones v. Bok decision at the Supreme Court in 07? I believe Jones v. Bok supports the decision that it's the prison's regulations that govern the grievances, if that's the issue. Wait a minute. What's the holding of Jones v. Bok? Well, my interpretation of the holding, I believe what transpired was there was a – Your interpretation is what's the holding?  My understanding of the holding is that it's still the prison regulations that provide the yardstick for whether someone has exhausted or not. Then wasn't that the ruling in spruill? I believe so, yes. You're saying exhaustion cannot be waived. I'm saying – that you've had, what, six, seven months notice that you should bring up some type of motion and you didn't do it. And you wait until eight months after the deadline to bring it up in sort of a way saying there was an exhaustion. And then on the 17th, the reason that there was an exhaustion is changed from the reason you gave in your motion on the 10th. What kind of due process is that? I honestly do not agree with that interpretation of the facts.  In the 10th in the motion, I said that – Failure to exhaust. Failure to exhaust because he did not bring in any issue that he raised in his complaint to final review. That is the exact same argument I made at the hearing for the motion for summary judgment. Did you say in the motion on the 10th specifically because he failed to identify a corrections officer? No. Isn't that game set and match? No, sir, it's not. If the shoe was on the other foot and the prisoner didn't do this, you would say that the prisoner had waived. Would you not? No, I would not because we – You can file a motion that's – remember, you're supposed to file it within 10 days. And if you don't file it within 10 days, then you need under Rule 6 to get the court to say, okay, there's excusable neglect. At the very least, you have to have a finding of excusable neglect in order to file the motion on November 10. You didn't get that. I believe implicitly I did. Implicitly, but the court has to give reasons. And are there any reasons given by the court on the record as to why you acted with excusable neglect when you filed your motion on November 10? With excusable neglect, no. But the court reasoned that it was an issue that was better decided by the court than the jury. It was an issue of law. But you – before you get there, you have to go through the pioneer factors. The court didn't go through that. Did you know that you were within the 10-day period when you filed this on November 10? Remember, the trial is set for the 17th. Yes, sir. I had noticed that the trial was set for the 17th on October 27th. I had 20 days between when I had notice of the actual trial. You could have filed something before November 7 and you didn't. I'm sorry, what? You could have – if you were allowed to file something post-March 3, you could have filed it by November 7. If you knew on October 27, you had 10 days, actually 11 days, and you didn't file it, correct? I could have filed something, yes, sir, Your Honor. But during that time, I'm responding to the new discovery requests of the appellant. I'm trying to set up depositions at institutions for the appellant so he can depose witnesses for his case. I'm trying to get a medical expert on my own to rebut their medical expert. So you're dealing with the merits for the hearing on the 17th. But you bring up something on the 10th that says, wait a minute, I don't have to get to the merits because he didn't exhaust. That's correct. If I didn't bring it up then, we're only delaying the inevitable, Your Honor. I preserved the issue for trial. It's undisputed that he did not exhaust his administrative remedies. Well, you know, he went through the process. He just didn't identify the officer. Well, then maybe I misspoke. It's undisputed that he did not exhaust his administrative remedies properly. If you remain this case. On this issue being presented in this colloquy, what is the standard of review when the district court made the decision to hear the issue in the summary judgment argument? What's the standard of review? At the time of the hearing would be the motion. The time the district court determined implicitly that there was no delay, that it was proper for the court to consider this petition for summary judgment. Now, the court made that decision. Yes, sir. We have to accept that decision of the district court unless we find that the court erred. And so I'm asking you, what is the standard of review? The standard of review is abuse of discretion, Your Honor. Thank you. I submit to you that all of this information was made known to the court at the time. The standard of review is abuse of discretion for what? For procedural errors, which are the only issues that have been preserved for this hearing, Your Honor. But isn't discretion abused when you don't get a finding of excusable neglect? None of the factors in the six pioneer factors were even considered. You didn't even ask. Did you even know that you were within the 10 days and that you had to file a motion before 10 days? Yes, sir. You knew it on the 27th of October. Why didn't you file it by November 7th? I didn't file it, Your Honor, because I was unsure whether I was able to file it. I was unsure of whether the rules would allow me to. Because you were eight months past the March 3rd deadline. Yes, sir, I was. Did you inquire of the court prior to November 7th as to whether you could file? No, I did not. I inquired of the court whether. Abuse of discretion, we have to determine if the district court abused its discretion in deciding to hear this issue in light of the language of the PLRA that no action shall be brought with respect to prison conditions under Section 1983 of this title or any federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. So in reviewing abuse of discretion, what factors do we look at? Do we look at prejudice to the petitioner? I believe you would say yes, Your Honor. I did read a case in which you looked at it was Olive Blaine. It's an unreported opinion. I'm not asking what I'm asking. As a general rule in reviewing abuse of discretion by a district court in determining whether or not it will consider a motion, what are the factors we consider? And I threw one out, maybe a little softball to you. Well, I'm sorry, Your Honor. If I may. It was actually a pretty big softball. All right. Well, thank you, Your Honor. If I may. Thank her. All right. Thank you then. An abuse of discretion only occurs when the district court acts in a fashion clearly contrary to reason and not justified by the evidence. None of Judge Caputo's acts were contrary to reason. He was trying to prevent a frivolous case from continuing. If I may humbly submit, this is an epitome of a frivolous case. It might be. You might win on the merits, but you were preparing for the merits and all of a sudden something sort of went into your head a week before that you now say was actually in your head 20 days before, but you declined the file. I mean, what kind of notice is that given to your opposing side that this is the way you're going to proceed in making an argument? And where are the preconditions that you need to do that? Where is the finding by the court that there was excusable neglect for you to file within 10 days, assuming the court was going to allow you to file after March 3, which implicitly it did? May I begin with what I believe to be the first part of that question, Your Honor? Go right ahead. If you look at the history of this case, there is absolutely no prejudice to the inmate, Mr. Drippe. Initially, he filed a complaint. He named a person who did not ever work at the institution. So the district court said, okay, Department of Corrections, please tell him who was there and when did they work. So we provided him with that information. We gave him a menu. Here's who worked and here's the dates they worked. Despite having that knowledge, he filed an amended complaint stating that my client Filed an amended complaint when, in May 31, 06? I believe so, yes, Your Honor. So we're now in 08. Right. In what situations do you believe a district court should entertain a motion for summary adjudication after a court-ordered filing deadline has passed? It is now eight months past it. You're writing this decision. Okay. In what situations would you say the district court should entertain a motion for summary adjudication? I would say it would go to equitable factors. Was there any prejudice towards the client? And what else? If that's the answer. Did the client have notice of the argument? Not timely. He certainly had notice of it being an issue. It was raised at the very first possible moment. He had no notice that the statute gives or the rule gives that he's supposed to get 10 days notice. Also, you've got a scheduling order. I mean, what's the point of mandating that district courts enter scheduling orders under Rule 16b? With all due respect, Your Honor, if you're looking at violations or ignoring scheduling orders, there's also a discovery deadline. And opposing counsel violated that. What's the answer to the question? What's the point of mandating that district courts enter scheduling orders under Rule 16b? Or why don't you answer that and I'll follow up. I would believe the point would be to try to move things along, Your Honor, to try to give an incentive to have the case adjudicated. What's the point of having the court mandated under Rule 6b to say that there's excusable neglect for allowing untimely motions? You're writing this opinion. How would you write it? To rule in my favor? No. What's the rule? I think we have established our positions in the case. Well, what's the rule you would do? What rule would you give us to decide? The rule would be that the trial court has the inherent authority and ability to control its own docket. If it finds excusable neglect, then it's up to the trial court. But it didn't find excusable neglect here, did it? It had the hearing. But did it make the findings for excusable neglect? The answer is no. Did it actually say, I find excusable neglect? No. Did you even ask the court to find excusable neglect? I presented the facts to the court at the pretrial hearing. You went through the six pioneer factors? Did you mention pioneer? No, sir, I did not. I assumed the court was aware of them. Very much so, Your Honor. And its instructions to the courts and to the judges that no action shall be brought with respect to prison conditions under Section 1983 of this title or any federal law, et cetera, et cetera. Yes, Your Honor. Without exhaustion. I made that patently clear to the judge. And the district court could have decided that you were too late or that he would not amend implicitly the pretrial ruling or that he would not hear it. And the district court determined that there was no exhaustion because there was no naming of any correctional officer and that this was a factor going to the merits of the action and that he went ahead and ruled it. And I guess when Ms. Finchie comes back, I would like to hear from her why that is an abuse of discretion. We're going to end on that softball. Thank you. It's not even a question. Thank you. Thank you, Your Honor. I appreciate it. Your Honors. Pull that down, please. Oh, yes. In the inmate handbook, the grievance procedure is at ADM 804, and it states that the inmate should identify any person, not every person, who may have information that could be helpful in resolving the grievance. That's the requirement of the grievance. Any person, not every person. Also, when the defendant talks about prejudice to the plaintiff, we're talking about that our statute of limitations has been running all through this. If we had resolved this ---- But the statute of limitations in no way is going to stop you from presenting this case. No. But what I mean is that their prejudice to us is that we put out extreme amount of time, effort, money in prepping this case for trial. We were about to pick a jury, and all of a sudden there's this motion that the judge picks up and decides that he is going to decide, even though he doesn't put on the record anything about exclusible neglect or good cause or any of the reasons that would make it necessary for there to be such a late filing. There is nothing in the rules of procedure that would permit this without the judge finding that there's some good cause why this should be considered at this late date, after we've been through all this meritorious discovery, all this expense, all this work and effort and time. I'm sorry. Judge Oleson. Yes. I'm sorry for interrupting you. You're hard to hear. We are now talking about procedure. Yes. Certainly if there had not been this, shall we say, rather tardy ruling on a motion for summary judgment or presentation rather than ruling, that had there not been a decision on summary judgment, the same issue could have been presented at trial, which as a matter of law would be a decision by the judge and not the jury on whether there was an exhaustion. Now I would like you now to answer Judge Roth's question. Why was having a hearing on a summary judgment motion before the trial an abuse of discretion? Because the Act itself says that we have to deal with the exhaustion issue before we bring suit, before a suit is brought, before we go through all the time, effort and money to prepare this case for trial, before we waste the court's time. I'll give you the alternative. Either the issue could have been resolved as it was here on summary judgment, or you'd go to trial. You'd go to trial immediately, apparently. The question is, why was it an abuse of discretion? Is there anything in the PLRA that sets a mandatory time limit? Well, actually, I think that the... One moment, Your Honor. The Wray case is very clear that you have to plead and prove exhaustion, and it's an affirmative defense. It only has to be raised by the DOC. The plaintiff doesn't have to say anything about it. What language in the PLRA demands that this be resolved first? Isn't that up to... It has to be brought. ...discretion of the trial judge? And for you to prevail in this appeal, you have to prove that this was an abuse of discretion? I think it was an abuse of discretion because of the fact that to bring has already been decided in this circuit, I think in Wray, that it means before we start any meritorious discovery, to bring this issue up, to bring up this affirmative defense, it has to be brought up before there are meritorious discovery matters happening. Now, this defense was pleaded in the answer. Yes. And if it had not been brought up on summary judgment, would it not be a matter of law to be brought up during the trial? I think it would be a matter of fact to figure out whether or not, is the CO an agent of the medical team? Well, it would be a matter of fact to determine whether notice had been given to the prison, as required by the PLRA, of the guards involved. And the judge then would have made the decision during the trial, instead of before the trial, that there had been no such identification in the complaint. And wouldn't that have come after you had put even more effort and time into it? So weren't you, in effect, saved the prejudice of that extra effort and expense by having the decision made before the trial, instead of during the trial? That's negligible, in my opinion. But to be precise, the issue is that he's not required to plead all the people that know about this. What does Spruill say? You haven't read Spruill. I haven't read it. But the act itself says, any person. Now, when you get down to talking about – You don't identify any person at all? We identify medical staff. I'm sorry, your red light is on, and I think we know your position. Okay. And I do apologize to Judge Aldisert for not actually getting a hold of Spruill. That's a control. I have no excuse. Okay, thank you. Thank you. And I thank you for your time. You're welcome. Take the matter under advisement.